IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM THE UKRAINE ) <br> IN THE MATTER OF ) <br> SHAVNIN ) | Misc. No. 05- 3847 |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged customs fraud.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from the Delaware Secretary of State's Office and a company that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a

foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

BY: /s/ Richard G. Andrews
                                        Richard G. Andrews
                                        Assistant U.S. Attorney
                                        Delaware Bar I.D. No.2199
                                        1201 Market Street
                                        Wilmington, DE  19801
                                        (302) 573-6277

Dated: 3/10/05

State Emblem of Ukraine

Misc 05-~~38~~47

**Public Prosecution of Ukraine**

# GENERAL PROSECUTOR'S OFFICE OF UKRAINE

01601, Kyiv-11, Riznytska Str. 13/15                    fax: 290-28-51

_16._ 12.2004 No <u>14/2-28228-04</u>

To:     **Department of Justice
of the United States of America
Mr. Rex Young**

Suite 800
1301 New York Ave., N. W.
Washington, D.C. 20005

**Dear Mr. Young,**

In conformity with the Agreement between the United States of America and Ukraine "On mutual legal assistance in criminal matters" dated 22.07.98, the General Prosecutor's Office of Ukraine approaches with the following application.

The Investigation Division of the Department of Security Service of Ukraine in Dnipropetrovsk region is carrying out proceedings in a criminal matter <u>No 81</u>, initiated on the fact of <u>furniture and plumbing fixtures smuggling</u> through the customs frontier of Ukraine.

In the course of investigation of this criminal matter the need has arisen for carrying out of separate investigative actions in the territory of the United States of America, thus forwarding the request of the investigation body I ask to organize its execution and to send materials of the executed request to the General Prosecutor's Office of Ukraine, referring to No 14/2-28228-04.

The General Prosecutor's Office of Ukraine assures that the received materials will be used only in the process of investigation of the criminal matter and its consideration at court.

Enclosure:    on 29 pages.

Sincerely yours,

**Head of
International Relations Department**                    **S.F. Kravchuk**

By:    Nischenko B.M.
573-95-58

Translator of the General Prosecutor's Office of Ukraine                    R. Mykytenko

TO : The Department of International Affairs
of the Criminal-Legal Office of the Department of Justice of
the United States of America

RE: Request for provision of legal assistance in the Criminal Case opened on the fact of smuggling of furniture and sanitary ware from Spain to Ukraine to the address of the private businessman Shavnin Y.P.

Ukraine applies to the competent Bodies of the United States of America with the Request for provision of legal assistance pursuant to the Agreement On Mutual Assistance in Criminal Cases signed on July, 22nd, 1998 in Kyiv.

The Investigative Department of the Office of the Security Service of Ukraine in Dnipropetrovsk oblast investigates the Criminal Case, opened on the fact of smuggling of furniture and sanitary ware from Spain to Ukraine to the address of the Private Businessman (PB) Shavnin Y.P. at the quantity of 692 pieces, at the gross weight of 13 229 kg, at the cost of 32 048, 85 Ukrainian Hryvnyas (UAH) (USD 6 011), i.e. on the signs of the crime, stipulated in the Part 1 of the Article 201 of the Criminal Code of Ukraine.

The investigator needs the following information:

1. The appropriate documents of the American Company INTERPAC LLC (contract, agreement, specifications, etc.) are necessary to find out what kind of goods was shipped by the Spain company INTER BANO S.L. according to the order of the above-mentioned American Company to the address of the PB Shavnin Y.P.
2. . It is necessary to organize the interrogation of the officials of the American Company INTERPAC LLC.

In the course of the investigation of the Criminal Case in question it was established that on September, 14th, 2003 the furniture and sanitary ware at the quantity of 692 pieces, at the gross weight of 13 229 kg, at the cost of 32 048, 85 UAH (USD 6 011) were transferred from Spain, from the company INTER BANO S.L. to the Customs territory of Ukraine in the area of activity of Yagodynska Customs to the address of PB Shavnin Y.P.. The above-mentioned goods were transported by the automobile with license number 03132HP/02493HP according to the transportation documents: CMR № 0525024

Case 1:05-mc-00047-SLR   Document 2   Filed 03/14/2005   Page 6 of 13

2

of 14.09.2003, Carnet Tir MX40168265 of 14.09.2003, the Invoice № 00-236 of 04.09.2003 and under the Contract № 04 of 15.07.2003, concluded between PB Shavnin Y.P. (1587805736, vul. Semaforna, 38 / 177, Dnipropetrovsk, Ukraine) and the company INTERPAC LLC (113 Barksdale Professional Center, Newark, DE 19711, USA).

On September, 22, 2003 the Dniprovska Regional Customs made the Customs clearance of the above-mentioned goods under the Customs Declaration № 11000/323429.

On March, 9th, 2004 and on May, 26th, 2004 the Dniprovska Regional Customs received the letters of the State Customs of Ukraine № 20/0575 of 27.02.2004 and № 20/01561 of 15.05.2004. According to the letters the cost of the goods, dispatched by the company INTER BANO S.L. to the address of the PB Shavnin Y.P., under the Invoice № 00-236 of 04.09.2003 amounted to 17 972,73 Euro ( 115 520,08 UAH). Such cost did not correspond to the goods cost, declared in the Invoice № 00-236, which was presented at the time of goods transportation over the Customs border of Ukraine and Customs clearance of the goods under the Customs Declaration № 11000/3/323429.

Thus, the above-mentioned goods were transferred over the Customs border of Ukraine with concealment out of the Customs inspection by presenting the documents with false information to the Customs Body of Ukraine as the ground for the goods transportation.

**Article 201 of the Criminal Code of Ukraine. Smuggling.**

The smuggling, i.e. the movement of goods in large quantity over the customs boundary of Ukraine without the customs inspection or with the concealment out of the customs inspection, as well as illegal movement of historical and cultural values, poisonous, drastic, radioactive, explosive substances, arms and ammunition ( except smoothbore fowling-pieces and its ammunition), also the smuggling of strategically important raw materials ( which can be exported out of Ukraine according to the statutory export regulations) -

is punished for a term of imprisonment from three till seven years with the confiscation of items of smuggling.

3

The same actions committed on the preliminary collusion by the group of persons or by the person, who has previous conviction on smuggling -

are punished for a term of imprisonment from five till twelve years with the confiscation of property and items of smuggling.

*Note* : The smuggling of goods , the total cost of which in one thousand or more times exceeds untaxed minimal income of citizens is considered as smuggling in large quantity.

Thus, the unidentified by the investigation persons broke this law presenting the documents with false information to the Customs Body of Ukraine as the ground for the goods transportation over the Customs border of Ukraine with concealment out of the Customs inspection .

Involved companies :

1. INTERPAC LLC

Address : 113 Barksdale Professional Center, Newark, DE 19711, USA

Banks : Intermediary Bank : DEUTSCHE BANK TRUST COMPANY AMERICAS

New York, USA

SWIFT: BKTRUS 33

Acc ▮

Beneficiary Bank : PAREX BANK

Riga

SWIFT : PARXLV22

Acc. № ▮

The investigator has not any additional information about the company INTERPAC LLC, besides that possibly Menelaos Kuprianou signed the Contract № 04 of July,15[th],2003 between the PB Shavnin Y.P. and American Company INTERPAC LLC on behalf of INTERPAC LLC.

2. INTER BANO S.L.

Address . C/PRADO S/N, 13260 BOLANOS DE CALATRRAVA

CIUDAD REAL, ESPANA, TELF. (926) 87-25-81, C.I.F. B-13199419.

4

3. Private businessman Shavnin Yuriy Pavlovich

Address : 1587805736 , vul. Semaforna, 38 / 177, Dnipropetrovsk, Ukraine

Bank : Dnipropetrovsk Central Office of PROMINVESTBANK

MFO 305437

Settlement Account ███████████████ Foreign Currency Account ███████████████

### The Necessary Documents:

1. Would you address to the company INTERPAC LLC and obtain on demand the certified copies of the agreements (contracts) and the specifications to them under which on September, 2003 the goods were delivered to Ukraine to the address of PB Shavnin Y.P.; the Certificates of Quality and Certificates of Origin of the goods ; Applications for shipment ; documents with consignee's and consignor's requisites ; documents confirming payments for the goods ; documents presented by the consignee and the consignor and other documents concerning the goods selling to PB Shavnin Y.P in September, 2003 ?

2. Would you find out the officials (administration) of the company INTERPAC LLC and interrogate them as witnesses on the following questions:

- Who are the founders and the chiefs of the above-mentioned company?

- Under what contracts did the mentioned company deliver the goods to Ukraine to the address of PB Shavnin Y.P. in September, 2003 ? When, where, under what circumstances were the contracts concluded? Who concluded the contracts?

- What goods , in what quantity and at what sum under the order of their company were dispatched by the Spain company INTER BANO S.L. to Ukraine to the address of PB Shavnin Y.P. ? Did they export the furniture and sanitary ware to the mentioned enterprise ?

- What was the sum of the furniture and sanitary ware exported to the address of PB Shavnin Y.P. ? Why the cost of the goods, indicated in the transportation documents , under which the Dniprovska Regional Customs made the Customs clearance of the mentioned goods , amounted 6 011 USD , but the cost of the goods, indicated in the received from Spain transportation documents , amounted 17 972,73 Euro ? Had they agreed with somebody to substitute the actual cost of the goods, dispatched to Ukraine to

5

the address of PB Shavnin Y.P. ? With whom and with what purpose had they agreed to substitute the actual cost of the goods, dispatched to Ukraine to the address of PB Shavnin Y.P.?

- Who paid for the goods sent to Ukraine to the address of PB Shavnin in September, 2003 ? How was the payment made ?
- What do they know about the company INTER BANO S.L.(Spain) and its relations with PB Shavnin Y.P. ? What representatives of the INTER BANO S.L do they know ?
- Do they know anybody of consignees of the goods in Ukraine ? Who are they ? What do they know about these consignees ?

Would you present the copies of the Invoice № 00-236 of 04.09.2003 , of the Contract № 04 of 15.07.2003 (the translation) and of the Specification № 04 to the Contract (the translation) to the witnesses and find out the following questions :

- do they know these documents ?
- when, where and under what circumstances were the documents drawn up ? Who drew up the documents ?
- who initiated the conclusion of the Contract and Specification № 04 to the Contract ?
- do they know who put the impression of the seal of the company INTERPAC LLC on mentioned documents ?
- do they know who signed these documents on behalf of INTERPAC LLC ?
- does the information indicated in the mentioned documents correspond to the facts ?
- what information and in what documents is not true ?
- who presented the information about the name and cost of the goods , indicated in the documents ?

*Would you find out other questions , which can arise in the course of witnesses interrogation ?*

### The Procedure of Request Fulfillment

1. As for the obtaining on demand the documents from the company INTERPAC LLC it is necessary to obtain the qualitative copies of the above-mentioned documents certified with the seal of the company and signed by the head of the company.

6

2. As for the conducting the necessary interrogation of the witness and preparing the results of the interrogations would you do the following:

1) Would you start the interrogation of the witness from ascertaining his full name, actual address, birthday and birthplace.

2) Would you inform the witness that he is not responsible to answer any questions about him, members of his family or relatives. Would you also inform the witness that it shall be instituted criminal proceedings against him for his false answers to all other questions.

3) Would you ask questions which are necessary to be answered.

4) Would you draw up all the above-mentioned information as the Record of the Interrogation .

The Record of Interrogation shall contain the following:

- biographical data presented by the witness;
- the information that the competent Bodies of the USA have instructed the witness that he is not responsible to answer any questions about him, members of his family or relatives. However the answers to all other questions shall be true because otherwise it shall be instituted criminal proceedings against him.
- the asked questions and answers to them.

5) Further:

- would you read the questions and the written answers to the witness ;
- or propose the witness to familiarize with all the questions and the answers indicating in the Record by himself.

6) Would you indicate in the Record of Interrogation did the representative of the competent body of the USA read the questions and the answers to the witness or did the witness familiarize with them by himself.

7) Every page of the Record of Interrogation of the witness shall be signed by the person who testified as a witness. After that the Record of Interrogation shall be signed by the representative of the competent Body of the USA who conducted the interrogation.

7

### The contact person

Should you have any questions regarding the Request or its fulfillment please contact the Investigator of the Investigative Department of the Office of the Security Service of Ukraine in Dnipropetrovsk oblast Rastvorov Vladimir, tel. 380-056-791-99-82, fax 380-056-791-93-08.

Would you send the documents obtained in the course of the fulfillment of the Request to the following address: Investigative Department of the Office of the Security Service of Ukraine in Dnipropetrovsk oblast, 23 Chkalova st., Dnipropetrovsk, Ukraine, 49600.

Enclosure:
- The copy of the Contract № 04 of 15.07.2003 ( with the translation to English), _4_ pages;
- the copy of the Invoice № 00-236 of 04.09.2003, _1_ pages;
- the copy of the Specification № 04 to the Contract № 04 of 15.07.2003 (with the translation to English), _1_ pages;
- certified extract of the Articles № № 85, 166-170 of the Criminal Code of Practice of Ukraine regulating the order of the summons, interrogation of the witness and requirements for drawing up the Record of the Interrogation of the witness (with the translation into English), _4_ pages.

Total: _10_ pages

Yours faithfully

Head of the Investigative Department
of the Office of the Security Service of Ukraine
in Dnipropetrovsk oblast
Lieutenant-Colonel of Justice                                           S.O.Melnikov

October, 27, 2004



Translator                                                              S.V.Lopatina

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE UKRAINE ) | |
| IN THE MATTER OF ) | Misc No. 05- ~~38~~47 |
| SHAVNIN ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall

be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

       Dated:  This _____ day of _____, 2005.


                                   _____
                                   United States District Court Judge